UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FRANTZ JEAN,

                Plaintiff,

- against -

THE CITY OF NEW YORK, POLICE OFFICER
OTTOMANELLI, and JONATHAN MONTINA,

                Defendants.
---------------------------------------------------------------X

**OPINION & ORDER**

08-CV-00157 (RER)

**RAMON E. REYES, JR., U. S. M. J. :**

      Plaintiff Frantz Jean ("Jean") brought this action against Defendants City of New York and police officer Christopher Ottomanelli (collectively, the "City Defendants"), and Jonathan Montina ("Montina"), for injuries he allegedly sustained when Jean was arrested and prosecuted for assaulting Montina.[1]  For the reasons explained below, Jean's claims against Montina are dismissed without prejudice.

## PROCEDURAL BACKGROUND

      Jean filed this case on January 11, 2008.  (Docket Entry No. 1.)  After discovery closed on February 6, 2009, the City Defendants moved for summary judgment on June 15, 2009. (Docket Entry No. 17.)  On October 22, 2009, this Court granted the City Defendants' motion for summary judgment.  (Docket Entry No. 27.)  Jean's complaint was inadvertently dismissed in its entirety on October 26, 2009.  (Docket Entry No. 28.)

---

[1] The underlying facts of this case are discussed at length in the opinion and order granting the City Defendants' motion for summary judgment. *Jean v. City of New York, et al.*, No. 08-cv-157, 2009 WL 3459469 (E.D.N.Y. Oct. 22, 2009).

On November 16, 2009, Jean appealed the grant of the City Defendants' summary judgment motion to the United States Court of Appeals for the Second Circuit. (Docket Entry No. 29.) On January 12, 2010, Jean and the City Defendants stipulated to withdraw the appeal pursuant to Federal Rule of Civil Procedure 42(b), because Jean's claims against Montina were still pending in the Court, thus rendering the appeal premature. (Docket Entry No. 31.) On January 22, 2010, the parties' stipulation was issued as a mandate. (Docket Entry. No. 31.)

On January 27, 2010, after a thorough review of the docket, this Court ordered Jean to show cause in writing why Jean's claims against Montina should not be dismissed for failure to timely serve Montina. The docket reveals that after the initial 120-day period for service had expired, Jean was ordered to serve Montina by September 5, 2008. Montina was not, however, served with process until September 12, 2008. Jean responded to the order to show cause on January 28, 2010.

## DISCUSSION

Timely service of the summons and complaint is required for a federal court to exercise personal jurisdiction over a defendant. *See Jaiyeola v. Carrier Corp.*, 73 Fed. Appx. 492, 494 (2d Cir. 2003) (quoting *Grammenos v. Lemos*, 457 F.2d 1067, 1070 (2d Cir. 1972)) ("Rule 4 of the Federal Rules is to be construed liberally to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice"). A plaintiff has 120 days from the filing date to effect service on the named defendants; if a defendant is not timely served, then the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m). This time limit is subject to

extension. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("We hold that district courts have discretion to grant extensions even in the absence of good cause").

On August 25, 2008, about three months after the initial 120-day period for service had expired, this Court ordered Jean to serve defendants Ottomanelli and Montina by September 5, 2008. (Docket Entry dated 8/25/2008). At that time, Jean's counsel offered no reason for not having served Montina, despite having been provided with Montina's service address on or about May 13, 2008. (Docket Entry dated August 25, 2008, and associated electronic sound recording; *see also* Docket Entry No. 5, Docket Entry No. 32 at 1.) Jean ultimately served Montina on September 12, 2008. (Docket Entry Nos. 7 and 30.)[2] To date, Montina has not filed an answer.

In response to the order to show cause, Jean's counsel candidly admits that the failure to serve Montina by the extended date of September 5, 2008, was "an oversight." (*Id.* at 1 ("To be quite honest, I believe I failed to notice the deadline for said service as provided for in Your Honor's Order of 8/25/08. It was an oversight on my part . . .")). Counsel argues that the Court should overlook his oversight as "New York courts have long recognized law office failure as excusable default." (*Id.* at 2.) Attorney oversight or inadvertence is not, however, good cause for excusing untimely service. *E.g., Beauvoir v. United States Secret Service*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006). Because Jean failed to serve Montina in a timely manner and has not shown good cause for failing to do so, the Court will dismiss the complaint without prejudice to refiling and proper service. FED. R. CIV. P. 4(m).

---

[2] The Court notes that Jean's counsel has submitted two affidavits of service for Montina, both of which were purportedly signed on the same day, but notarized by different people. (Docket Entry Nos. 7 (filed on 9/15/08) and 30 (filed on 1/22/10).) These affidavits of service are markedly different in a number of other respects, thereby casting doubt on the factual assertions in each.

## CONCLUSION

For the reasons set forth above, Jean's complaint as against Montina is hereby dismissed without prejudice. The claims against the City Defendants having previously been dismissed with prejudice, the Clerk of the Court is hereby directed to close the case.

**Dated: Brooklyn, New York**
   **February 3, 2010**

                *Ramon E. Reyes, Jr.*
                **Ramon E. Reyes, Jr.**
                **United States Magistrate Judge**